

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-0033-CV

_____

HAWA FOFANAH AND ALL OCCUPANTS OF
208 EPHRAIM DR. GLENN HEIGHTS, TEXAS 75154, APPELLANTS

V.

U. S. BANK NATIONAL ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS LEGAL TITLE
TRUSTEE FOR LVS TITLE TRUST I, APPELLEE

On Appeal from the County Court at Law
Ellis County, Texas
Trial Court No. 12-C-3479, Honorable Jim Chapman, Presiding

April 2, 2013

## MEMORANDUM OPINION

Before Quinn, C.J., and Hancock and Pirtle, JJ.

Appellants, Hawa Fofanah and all occupants of 208 Ephraim Drive, Glenn Heights, Texas 75154, filed a notice of appeal of the trial court's judgment or order signed on November 14, 2012. We dismiss for failure to comply with a directive of this Court.

By letter dated December 19, 2012, the Tenth Court of Appeals notified appellants that the notice of appeal failed to comply with the requisites of the Texas Rules of Appellate Procedure. Specifically, appellants were notified that the certificate of service of their notice of appeal does not include the date of service or the name of the party represented by the law firm that was identified in the certificate. See TEX. R. APP. P. 9.5(e)(1), (3). Further, appellants were notified that, while the certificate of service indicated that it was sent by Certified Mail, no tracking number or other means of demonstrating the manner of service was provided. See TEX. R. APP. P. 9.5(b). The Tenth Court informed appellants that the appeal would be dismissed if a "compliant notice of appeal" was not filed within 21 days of the Court's letter.

On February 5, 2013, this appeal was transferred to this Court as part of the Texas Supreme Court's docket equalization efforts. See TEX. GOV'T CODE ANN. § 73.001 (West 2005). Even though the appeal was transferred after the Tenth Court's deadline for filing a compliant notice of appeal and no compliant notice of appeal was contained within the file, in the interest of justice, this Court also notified appellants of the defects in their notice of appeal by letter dated March 6, 2013. By this March 6, 2013 letter, this Court directed appellants "to file an amended notice of appeal that complies with the requisites of Rules 9.5 and 25.1(e) within 10 days of the date of this letter or the appeal will be dismissed without further notification from this Court. See [TEX. R. APP. P.] 42.3(c)."

Apparently in response to this Court's March 6 directive, appellants filed documents titled "Notary Certificate of Service," "Notice," "Notice of Appeal and Notice of Jurisdiction Challenge," and "Affidavit" with this Court on March 18. However,

2

contrary to the titles of these documents, none could be fairly described as an amended notice of appeal that corrects the previously identified defects in the certificate of service. The "Notice of Appeal and Notice of Jurisdiction Challenge" does include a certificate of service that identifies a tracking number for the document having been served on "Barrett Daffin Frappier Turner & Engel, LLP," but this certificate does not identify the date of service or the name of the party represented by the law firm that was served. Additionally, this "Notice of Appeal and Notice of Jurisdiction Challenge" does not identify the trial court, state the date of the judgment or order appealed from, and, at best, implies that Fofanah desires to appeal. See TEX. R. APP. P. 25.1(d)(1)-(3).

Because appellants have failed to comply with the directive of this Court after having been afforded a reasonable opportunity to comply, we dismiss this appeal. See TEX. R. APP. P. 42.3(c).

Mackey K. Hancock
Justice

Pirtle, J., dissenting.

3